SUPREME COURT OF ARIZONA

SCOT MUSSI, et al.,                    )  Arizona Supreme Court
                                       )  No. CV-22-0207-AP/EL
      Plaintiffs/Appellants/Cross-     )
                          Appellees,   )  Maricopa County
                                       )  Superior Court
                  v.                   )  No. CV2022-009391
                                       )
KATIE HOBBS, in her capacity as        )
the Secretary of State of              )
Arizona,                               )
                                       )
              Defendant/Appellee,      )
                                       )
ARIZONANS FOR FREE AND FAIR            )
ELECTIONS (ADRC ACTION), a             )
political committee,                   )
                                       )
Real Party in Interest/Appellant.      )
                                       )  **FILED: 08/24/2022**
                                       )
_____)


**DECISION ORDER**

Before the Court is an expedited election appeal regarding an initiative sponsored by Arizonans for Free and Fair Elections (ADRC Action)(the "Committee") (Serial No. I-16-2022), a proposed initiative for the November 8, 2022 General Election. The Act relates to voting rights, campaign finance, citizen measures, and lobbyist regulation.

The Court, en banc, has considered the briefs and authorities in this appeal, the record, the trial court's ruling, and the relevant

statutes and case law in this expedited election matter.[1] The Court decides these issues unanimously.

Plaintiffs/Appellants Scot Mussi, *et al.*, raise three issues in their appeal of the trial court decision.

**First**, the trial court considered Plaintiffs' Objection 3, which contended that circulators were required to submit a sworn affidavit with each new registration.

The Court finds that A.R.S. § 19-118 does require each circulator to submit a separate affidavit as one of five required items in each registration application submitted for each petition he or she circulates. But any circulators' lack of compliance with § 19-118 does not invalidate the signatures gathered by these circulators on the record and circumstances before us.

The Circulator Portal established by the Secretary of State's Office (SOS), which was in operation at the time the Governor and the Attorney General approved the 2019 Elections Procedures Manual pursuant to A.R.S. § 16-452, by design does not permit the submission of more than one affidavit per circulator. *See* Declaration of Kori Lorick 5. By also refusing to accept manual submission of a hard copy affidavit, *see id.* at 3, the SOS rendered it impossible for circulators to successfully submit a registration application as required by § 19-118 for I-16-2022 if they had already registered to

---

[1] Justice Bolick did not participate in the consideration of this matter.

circulate other petitions.

The Court declines to find that the Committee or any individual circulator failed to comply with § 19-118 when the SOS has prevented such compliance. A finding of non-compliance and disqualification of circulator signatures on this record and under these circumstances would "unreasonably hinder or restrict" the exercise of the initiative power under article 4, part 1, sections (1) and (2) of the Arizona Constitution. *Stanwitz v. Reagan*, 245 Ariz. 344, 348 ¶ 14 (2018), *as amended* (Nov. 27, 2018) (citation omitted) (internal quotation marks omitted). Therefore, signatures collected by such circulators in connection with I-16-2022 are not subject to disqualification.

As we indicated in our other decisions today, we anticipate that the SOS will remedy deficiencies in the submission of information through the Circulator Portal and accommodate the manual submission of required information in the interim. However, if an initiative committee seeks to submit the information required pursuant to § 19-118 and the SOS refuses to accept it, an aggrieved party should seek special action relief.

**IT IS ORDERED** affirming the trial court's ruling that no petition sheets will be invalidated under Objection 3.

**Second**, Plaintiffs challenge the trial court ruling on Objection 4(a) and 4(b) and contend that a circulator's petition sheets should be disqualified where the residential address under A.R.S. § 19-

118(B)(1) does not include a unit number.

The Court further finds that § 19-118(B)(1) does not require a circulator residing in a multi-unit structure to provide a unit number in connection with a residence address. Therefore, circulators who did not supply a unit number nonetheless complied with the statute.

**IT IS FURTHER ORDERED** affirming the trial court rulings on Objections 4(a) and (b).

**Third**, Plaintiffs challenge the trial court rulings that no unit number is needed in the "Service of Process Address (within State of Arizona)" line, which was Objection 6(a). The Court concludes that under A.R.S. § 19-118(B)(4), there must be sufficient information on the registration to enable an organizing committee to receive certified mail. This requires the complete mailing address, including a unit or suite number, if applicable. Therefore,

**IT IS FURTHER ORDERED** remanding to the trial court to invalidate the petition signatures under Objection 6(a).

The Committee raises five issues in its cross-appeal.

**First**, the Committee argues that the circulators registered with the Secretary, and the Secretary approved the registration applications, and no further inquiry is necessary. The Court concludes that courts can determine whether the Committee and circulators have complied with the law and strike the petition sheets where they have not.

**Second,** the Committee argues that Objection 5(b) (using a nonresidential address for a temporary address) should not invalidate a registration application because the statute does not require a temporary address. The Court agrees that there is no statutory requirement to provide a temporary address and therefore there is no statutory violation. Therefore,

**IT IS FURTHER ORDERED** remanding to the trial court to rehabilitate the petition sheets disqualified under Objection 5(b).

**Third,** the Committee argues that Objection 5(c) (incorrect phone number on registration form) should not invalidate a registration application because there is no prohibition against changing telephone numbers. Circulators are required to provide a correct telephone number at the time they submit their registration application. The parties stipulated to the number of circulators who included incorrect telephone numbers when the registration applications were submitted. Therefore,

**IT IS FURTHER ORDERED** remanding to the trial court to determine if the resolution of the 5(c) Objection was in accordance with the parties' stipulation.

**Fourth,** the Committee argues that Objection 5(e) (circulators' address on petition sheets does not match address on the registration application) should not invalidate the circulators' petitions. The Court agrees that there is no statutory requirement that the address on the circulator's affidavit be the same address as the address in

the registration.   However, the parties stipulated to the number of circulators who submitted incorrect addresses.

**IT IS FURTHER ORDERED** remanding to the trial court to effectuate the parties' stipulation regarding Objection 5(e).

**Finally**, the Committee argues that signatures referenced in Objection 6(b) (where the circulator used a service address that is not the Committee's Address) should not be invalidated.   The circulator is required to list "The address of the committee in this state for which the circulator is gathering signatures and at which the circulator will accept service of process related to dispute concerning circulation of that circulator's petitions." (Emphasis added.)

The Court concludes that the registration application must include the organizing committee's address for service of process as required in (B)(4).   Therefore,

**IT IS FURTHER ORDERED** affirming the trial court ruling on Objection 6(b).

**IT IS FURTHER ORDERED** denying the parties' requests for attorney fees as there is no prevailing party.   See § 19-118(F).

[A written Opinion detailing the Court's reasoning will follow in due course.]

DATED this 24th day of August, 2022.

_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:
Kory A Langhofer
Thomas J Basile
Amy B Chan
Noah Gabrielsen
James E Barton II
Jacqueline Soto
Joshua David Rothenberg Bendor
Joshua J. Messer
Travis Charles Hunt
Hon. Joseph P Mikitish
Hon. Jeff Fine
Alberto Rodriguez
Roy Herrera
Daniel A Arellano
Dominic Emil Draye
Michael G Bailey